## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENYATTA WRIGHT,** | : | **CIV NO. 1:22-CV-215** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **C. GALLIK, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## <u>MEMORANDUM AND ORDER</u>

### I.   <u>Statement of Facts and of the Case</u>

This case is a *pro se* civil rights action brought by Kenyatta Wright, a state prisoner, on February 14, 2022. (Doc. 1). In this complaint, Wright, who was confined at Quehanna Boot Camp, a facility located in Clearfield County, Pennsylvania, sues officials at this facility alleging that they have miscalculated his sentence. (<u>Id</u>.) Thus, according to the complaint, it appears that the matters complained of by the plaintiff occurred exclusively in Clearfield County, and the defendants may be found in that county. It is also undisputed that Clearfield County is located within the venue of the United States District Court for the Western District of Pennsylvania. 28 U.S.C. § 118.

For the reasons set forth below, it is ordered that this case be transferred to the United States District Court for the Western District of Pennsylvania for further

proceedings.

## II.  <u>Discussion</u>

This case is a federal civil action. In such cases, 28 U.S.C. § 1391(b) defines the proper venue and provides that an action should:

> [B]e brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

In this case, with respect to Wright's claims, "a substantial part of the events or omissions giving rise to the claim" appear to have taken place in Clearfield County and within the venue of the United States District Court for the Western District of Pennsylvania. 28 U.S.C. § 118. It also appears that the defendants, officials at the Quehanna Boot Camp, may also be found in Clearfield County. Therefore, this case currently appears to fall within the venue of the United States District Court for the Western District of Pennsylvania.

This court is permitted, *sua sponte,* to raise the issue of an apparent lack of venue, provided the court gives the plaintiff notice of its concerns and an opportunity to be heard on the issue. See, e.g., <u>Stjernholm v. Peterson</u>, 83 F.3d 347, 349 (10th

Cir. 1996) ("[A] district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue"); Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). In this case, through the filing of this Memorandum, we are placing the plaintiff on notice that this complaint does not appear to allege facts that would currently give rise to venue in this court.

When it appears that a case is being pursued in the wrong venue, there are two potential remedies available to the court. First, the court may dismiss the action for lack of venue pursuant to 28 U.S.C. § 1406 and Rule 12(b)(3) of the Federal Rules of Civil Procedure. However, the court may also, in the interests of justice, provide another form of relief, one which ensures that venue is proper without prejudicing the rights of any plaintiffs. Under 28 U.S.C. § 1406:

> The district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, *or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought.*

28 U.S.C. § 1406(a) (emphasis added).[1]

---

[1] In addition, we note that, even if venue was still somehow appropriate here, it is clear that the preferred venue for litigation of this particular case would now be the United States District Court for the Western District of Pennsylvania. In such instances, 28 U.S.C. § 1404(a) also expressly provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28

In this case, since venue over this matter appears to lie in the United States District Court for the Western District of Pennsylvania, in order to protect the plaintiff's rights as a *pro se* litigant, we will order this case transferred to the United States District Court for the Western District of Pennsylvania for further proceedings. Such a transfer order avoids any prejudice to the plaintiff that might flow from a dismissal of this action on venue grounds. See Burnett v. New York Cent. R. Co., 380 U.S. 424, 430 (1965). Moreover, addressing the current lack of venue in this fashion would not constitute a ruling on the merits of the plaintiff's claims, thus assuring that the plaintiff can have this case heard on its merits in the proper forum. See 18 Wright, Miller & Cooper Federal Practice and Procedure § 4436, at 338 (stating that "a dismissal for lack of jurisdiction or improper venue does not operate as an adjudication upon the merits") (footnote omitted).

Finally, we note that:

> A motion to transfer venue ... involves a non-dispositive pretrial matter which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A). See Silong v. U.S., 5:05–CV–55–OC–10GRJ, 2006 WL 948048, at *1 n. 1 (M.D.Fla. April 12, 2006); Blinzler v. Marriott Int'l, Inc., No. Civ. A. 93–0673L, 1994 WL 363920, at *2 (D.R.I. July 6, 1994); O'Brien v. Goldstar Tech., Inc., 812 F.Supp. 383 (W.D.N.Y.1993); Russell v. Coughlin, No. 90 Civ. 7421, 1992 WL 209289 (S.D.N.Y. Aug.19, 1992); Hitachi Cable Am., Inc. v. Wines, Civ.A. No. 85–4265, 1986 WL 2135 (D.N.J. Feb.14, 1986). This is true "because it can only result in the transfer of a case to another federal

---

U.S.C. § 1404 (a).

district, not in a decision on the merits or even a determination of federal jurisdiction." <u>Adams v. Key Tronic Corp.</u>, No. 94 Civ. AO535, 1997 WL 1864, at *1 (S.D.N.Y. Jan. 2, 1997) (collecting cases).

<u>Berg v. Aetna Freight Lines</u>, CIV.A. 07–1393, 2008 WL 2779294 (W.D. Pa. July 15, 2008). Therefore, the decision to transfer a case rests within the jurisdiction and sound discretion of a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(A), subject to appeal to the district court for an abuse of that discretion. See <u>Franklin v. GMAC</u>, CIV.A. 13–0046, 2013 WL 140042 (W.D. Pa. Jan. 10, 2013); <u>Holley v. Robinson</u>, 2010 WL 1837797, *2 (M.D. Pa. 2010).

## III. <u>Conclusion</u>

For the foregoing reasons, we will order that this case be transferred to the United States District Court for the Western District of Pennsylvania for all further proceedings.

An appropriate order follows.

<u>*S/ Martin C. Carlson*</u>
Martin C. Carlson
United States Magistrate Judge

DATE: February 16, 2022